RALPH J. MARRA, JR.
Acting United States Attorney
BY: ANDREW KOGAN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 645-2754

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Mary L. Cooper |
| *Plaintiff,* | : | Criminal No. 09- 668(CMLL) |
| v. | : | **CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE** |
| MOHAMAD EL ZAGHIR | : | |
| *Defendant.* | : | |

**WHEREAS**, on September 4, 2009, the United States filed an Information, Criminal No. 09-668, against Mohamad El Zaghir, charging him with a violation of Title 18, United States Code, Sections 2320 and 2; and

**WHEREAS**, on September 4, 2009, Mohamad El Zaghir pled guilty to the Information; and

**WHEREAS**, pursuant to Title 18, United States Code, Section 2323(b)(1), the Court in imposing sentence on a person convicted of an offense in violation of Title 18, United States Code, Sections 2320 and 2 shall order that person to forfeit to the United States the following property as stated in Title 18, United States Code, Section 2323(a): "(A) Any article, the making or trafficking of which is, prohibited under . . . section . . . 2320 . . . of this title . . . (B) Any

property used, or intended to be used, in any manner or part to commit or facilitate the commission of an offense referred to in subparagraph (A); and

**WHEREAS**, by virtue of the above, the United States is now entitled to possession of:

a. 451 pairs of counterfeit Blac Label Jeans;

b. 285 pairs of counterfeit Enyce Jeans;

c. 91 pairs of counterfeit Laguna Beach jeans;

d. 178 pairs of counterfeit Marithe Francois Girbaud jeans;

e. 139 pairs of counterfeit True Religion jeans;

f. 24 pairs of counterfeit Evisu Genes jeans;

g. 40 pairs of counterfeit Baby Phat jeans;

h. 11 pairs of counterfeit Ed Hardy jeans;

i. 10 pairs of counterfeit Akademiks jeans;

j. 1 pair of counterfeit SNP jeans

k. 2 pairs of counterfeit Rocawear jeans;

l. 1 pair of counterfeit Ecko jeans;

m. 1 pair of counterfeit Sean John jeans;

n. 1 pair of counterfeit Coolman jeans;

o. 1 pair of counterfeit Apple Bottom jeans;

p. 1 pair of counterfeit Coogi jeans;

q. 1 pair of counterfeit Jean Reaction jeans;

r. 877 counterfeit Lacoste shirts

s. 143 counterfeit Laguna Beach shirts;

t.   109 counterfeit Coogi shirts;

u.   57 counterfeit Christian Audigier shirts;

v.   90 counterfeit Rocawear shirts;

w.   62 counterfeit Blac Label shirts;

x.   16 counterfeit Affliction shirts;

y.   43 counterfeit Bebe shirts;

z.   8 counterfeit Baby Phat shirts;

aa.  37 counterfeit Marithe Francois Girbaud shirts;

bb.  9 counterfeit Phat Farm shirts;

cc.  24 counterfeit Bathing Ape shirts;

dd.  317 counterfeit Ralph Lauren shirts;

ee.  180 pairs of counterfeit pairs of Timberland boots;

ff.  1763 pairs of counterfeit pairs of Nike sneakers;

gg.  26 counterfeit Bebe T-Shirts;

hh.  20 counterfeit Blac Label T-Shirts;

ii.  5 counterfeit North Face sweat suits;

jj.  24 counterfeit Akademiks sweaters;

kk.  114 counterfeit Coogi sweat suits;

ll.  8 counterfeit Bebe sweat suits;

mm.  1 counterfeit Marithe Francois Girbaud sweat suit;

nn.  1 counterfeit LRG sweat suit;

oo.  1 counterfeit Rockawear sweat suit;

    pp.    4 counterfeit Ecko sweat suits;

    qq.    1 counterfeit North Face sweatshirt;

    rr.    1 counterfeit Sean Jean sweatshirt;

    ss.    1 counterfeit Phat Farm sweatshirt; and

    tt.    150 miscellaneous counterfeit sweaters, jackets, sweatshirts, and sweat suits,

(hereinafter "defendant property") because it represents property involved in a violation of Title 18, United States Code, Sections 2320 and 2; and

**WHEREAS**, Defendant, Mohamad El Zaghir, acknowledges that the defendant property represents property involved in trafficking of counterfeit goods in violation of Title 18, United States Code, Section 2320 as set forth in the Information, and that the defendant property is therefore subject to forfeiture to the United States pursuant to Title 18 United States Code, Section 2323(b)(1). The defendant, Mohamad El Zaghir, waives all interests in and claims to the defendant property described above, and hereby consents to the forfeiture of the defendant property to the United States. The Defendant, Mohamad El Zaghir, agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the defendant property. The Defendant, Mohamad El Zaghir, waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment. The Defendant, Mohamad El Zaghir, acknowledges that he understands that forfeiture of the defendant property will be part of the sentence imposed upon the Defendant in this case and waives any failure by

the Court to advise Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing. Pursuant to Rule 32.2(b)(3), The Defendant, Mohamad El Zaghir, will promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so. The Defendant, Mohamad El Zaghir, hereby waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the defendant property described above. Defendant waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

**THAT** the herein described assets, namely the defendant property is hereby forfeited to the United States of America pursuant to the provisions of Title 18 United States Code, Section 2323(b)(1); and

**THAT** pursuant to Title 21, United States Code, Section 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days; and

**THAT** pursuant to Title 21, United States Code, Section 853(n)(2), any person, other than the Defendant, asserting a legal interest in any of the above-listed forfeited property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property.

**THAT** pursuant to Title 21, United States Code, Section 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT** the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Consent Judgment Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**THAT** the aforementioned forfeited property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States; and

**THAT** upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

**ORDERED** this 4th day of Sept. 2009.

_____
Honorable Mary L. Cooper
United States District Judge

The Undersigned hereby consent
to the entry and form of this
Consent Judgment and Preliminary Order of Forfeiture:

**FOR THE UNITED STATES OF AMERICA:**

RALPH J. MARRA, JR.
Acting United States Attorney

ANDREW KOGAN
Assistant United Stated Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07101

Dated: September 4, 2009

**FOR MOHAMAD EL ZAGHIR:**

CAMAMRATA, NULTY & GARRIGAN, L.L.C.
549 Summit Ave
Jersey City, New Jersey 07306

By: Jeffrey G. Garrigan, Esq.

Dated: September 4, 2009

Mohamad El Zaghir

Dated: September 4, 2009

7